STATE v. THADDEUS DAVIS.

*Indictment--Burglary--Variance.*

Where in an indictment for burglary charging the defendant with breaking and entering the dwelling house of A & B, partners, it appeared in evidence that one furnished the capital and the other the house and labor in pursuance of a partnership agreement; *Held*, that the ownership and occupation of the house were in both the partners and that it was properly described as their dwelling house.

INDICTMENT for Burglary tried at Spring Term, 1877, of FORSYTHE Superior Court, before *Kerr, J.*

The defendant insisted that there was a variance between the allegation and the proof. The facts stated by Mr. Justice RODMAN are sufficient to an understanding of the opinion. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* and *Messrs. Watson & Glenn*, for the State.
*Messrs. J. C. Buxton* and *J. M. McCorkle*, for the defendant.

RODMAN, J. The defendant excepts:

1. That whereas the indictment charges that he broke and entered the dwelling house of Welfare & Yeates, the evidence was that the house was the property of Welfare alone.

It appears, however, that the house was occupied by Welfare and Yeates who were partners in the jewelry business. Yeates furnished the money capital to buy the stock of goods, and Welfare furnished the use of the house and his personal labor. The profits were to be divided between them. Butner, who was an apprentice of Welfare to learn the jewelry business and a member of his family, was also a clerk to the partnership and slept in the house.

We think upon this evidence that both the ownership and occupation of the house were in both the partners at the time of the breaking, and that it was properly described as their dwelling house. A house is properly described as the dwelling of a tenant who occupies it. And in this case, although Welfare had not let the house to the firm for any definite time, yet he had for an indefinite time, and the firm was in the actual occupation of it according to the partnership agreement. It could not have been described as the dwelling house of Welfare alone, because his *sole* ownership was only of the reversion. It could not be described as the dwelling house of Butner, for he was a mere servant of the firm, and his occupation was that of the firm. It does not follow that this house was not the dwelling house of Welfare and Yeates, because each of them had another dwelling house in which he slept. A man may have several dwelling houses, one of which he occupies at one season, and the other at another; or one of which he occupies in person, and another by his servants.

2. There was evidence that the goods stolen were the property of the partners.

3. There was also evidence from which the jury might

reasonably find as they did that the house was entered in the night time.

In our opinion there is no error in the record and the judgment is affirmed. Let this opinion be certified to the end, &c.

PER CURIAM.                              Judgment affirmed.